IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE FUNERAL CONSUMERS

Antitrust Litigation.

_____/

No. C 05-01804 WHA

Consolidated Cases:
No. C 05-02502 WHA
No. C 05-02501 WHA
No. C 05-02792 WHA

**STIPULATION AND ORDER MODIFYING TIME FOR DEFENDANT STEWART ENTERPRISES TO MAKE INITIAL DISCLOSURES**

Pursuant to Local Rules 6-1(b) and 6-2, this joint stipulation is entered into between plaintiffs Funeral Consumers Alliance, Inc., Gloria Jaccarino Bender, Anthony J. Jaccarino, John Clark, Donna Sprague, Nancy Helman, Ira Helman, Donald Sprague, Robert Chitel, Francis Rocha, Marsha Berger, Maria Magsarili, and Tony Magsarili (collectively, "plaintiffs"), and defendant Stewart Enterprises, Inc. ("Stewart"), by and through their respective attorneys of record, with respect to the following facts:

**WHEREAS**, in the Consolidation Order, Case Management Order and Referral to Magistrate Judge for Mediation/Settlement ("Case Management Order"), dated August 4, 2005, the Court ordered that "All initial disclosures under FRCP 26 must be completed by September 2, 2005, on pain of preclusion under FRCP) 37(c);" and

**WHEREAS**, on Monday, August 29, 2005, Hurricane Katrina devastated the New Orleans area, inflicting serious wind damage and widespread flooding; and

**WHEREAS**, Stewart's headquarters office is located in Jefferson, Louisiana, just outside New Orleans, and Stewart's principal outside law firm, Jones, Walker, Waechter,

Poitevent, Carrere & Denegre, LLP ("Jones Walker"), is located in downtown New Orleans; and

**WHEREAS**, in the hours leading up to Hurricane Katrina, all the known officers and employees of Stewart living and working in and around New Orleans evacuated the area, as did the lawyers at the Jones Walker firm, including David G. Radlauer, M. Richard Schroeder, and Mark A. Cunningham, the principal lawyers working on this case (as to whom *pro hac vice* applications have been granted); and

**WHEREAS**, as a result of the storm, electricity and other basic services are not available in New Orleans and the surrounding area, telephone and cell phone communications have been seriously disrupted, e-mail and computer systems are inoperable, and it is not known when such services will be restored; and

**WHEREAS**, because of the devastation and disruption in basic services, it has not been possible to communicate with employees or representatives of Stewart or (with the exception of Mr. Radlauer) with lawyers at the Jones Walker firm, and it is not known when such communications will again be possible; and

**WHEREAS**, civil authorities in New Orleans have urged the populace not to return to the City or the surrounding area until relief operations are more advanced; and

**WHEREAS**, the devastation and disruption caused by the storm, as well as the inability to communicate with Stewart, have made it impossible for Stewart or its attorneys to comply with the September 2 initial disclosure schedule set forth in the Case Management Order; and

**WHEREAS**, Stewart's local counsel has communicated with Plaintiffs' lead counsel, and, in light of the foregoing, Plaintiffs' lead counsel is agreeable to the following proposed modification in the schedule for initial disclosures as to Stewart; and

**WHEREAS**, it is not anticipated that the proposed modification to the schedule for initial disclosures as to Stewart will have any material effect on the overall schedule for the case as set forth in the Case Management Order;

**NOW, THEREFORE**, the parties to this Joint Stipulation hereby agree as follows, subject to approval by the Court:

1. Defendant Stewart shall have a one-week extension of time, to and including September 9, 2005, within which to make preliminary Initial Disclosures pursuant to FRCP 26(a), based on information available to Stewart and its attorneys at the time given the devastation and disruption in the New Orleans area caused by Hurricane Katrina.

2. Defendant Stewart will use its best efforts to supplement its preliminary Initial Disclosures by September 16, 2005, provided that, depending on the progress of recovery efforts in the New Orleans area, including efforts to restore electricity, telephone and cell phone communications, and other basic services, if it appears that Stewart and its attorneys will be unable despite their best efforts to comply with the September 16 date, local counsel for Stewart will communicate with Plaintiffs' counsel on or before September 13, 2005 to discuss such further modifications of the schedule as may be necessary.

Dated: August 31, 2005

Matthew L. Cantor
CONSTANTINE CANNON
450 Lexington Avenue
New York, NY  10017
Telephone:  (212) 350-2700

By: _____/s/_____
Matthew L. Cantor
Attorneys for Plaintiffs

Robert E. Gooding, Jr.
Shawn M. Kennedy
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, CA 92614
Telephone:  (949) 721-6900

3

1 | David G. Radlauer
2 | M. Richard Schroeder
3 | Mark A. Cunningham
  | JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, LLP
4 | 201 St. Charles Avenue
  | New Orleans, Louisiana 70170
5 | Telephone: (504) 582-8000

By: _____/s/_____
Robert E. Gooding, Jr.
Attorneys for Defendant
STEWART ENTERPRISES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 1, 2005.

_____[signature]_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4